Charles Abbott (SBN 13811)
**Law Offices of Charles Abbott, PC**
2150 Park Place, Suite 100
El Segundo, CA 90245
(310) 792-8665
cabbott@cabbottlaw.com

Ronald H. Reynolds (SBN 827)
Harrison J. Reynolds (SBN 13748)
**Reynolds & Associates**
823 Las Vegas Blvd. S., Suite #280
Las Vegas, NV 89101
(702) 445-7000
(702) 385-7743

Attorneys for Defendant, Wal-Mart Stores, Inc.

# UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

| | |
|---|---|
| SYLVIA LEYS,<br><br>        Plaintiff,<br><br>  v.<br><br>WAL-MART STORES, INC., dba Wal-Mart Store #4356 a foreign corporation; MARLON HUGHES; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>        Defendants. | Case Number: 2:17-cv-02196-APG-VCF<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**Filed in Compliance with LR 26-4**<br><br>**(First Request)** |

Under Local Rule 26-4, the parties, through their respective counsel, request the Court extend the discovery cutoff for ninety (90) days. This is the first request for an extension of discovery deadlines.

**Status Report**: The parties conducted a Rule 26(f) conference on August 28, 2017 and filed a stipulated discovery plan and scheduling order (ECF No. 7) on August 30, 2017, setting the discovery deadline for February 13, 2018. This action involves an accident at a retail store operated by Defendant Wal-Mart Store, Inc. ("Walmart"). The accident resulted in severe and debilitating injuries to Plaintiff who has over $900,000 in medical damages to date. Under LR 26-4, the deadline to request an extension of discovery deadlines is January 23, 2018. While the parties have been working diligently to complete the remaining discovery within the deadlines, the parties request a ninety (90) day extension of the discovery deadlines for the following reasons:

1. Walmart served its initial disclosures on September 1, 2017. Plaintiff served her responses on October 4, 2017. Plaintiff's initial disclosures contained documents.

2. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission on September 18, 2017. Walmart served its responses to all written discovery on October 25, 2017. Besides its written responses, Walmart also produced documents responsive to Plaintiff's document requests.

3. Walmart served its First Set of Interrogatories and Requests for Production on September 6, 2017. Plaintiff served her responses on October 18, 2017. On November 14, 2017, Walmart identified deficient responses in both the interrogatories and document requests. The parties are working in good faith to resolve Walmart's concerns without judicial intervention.

4. Resolution of the Plaintiff's responses to Walmart's document requests is critical for Walmart's medical expert before Plaintiff's physical examination under Fed. R. Civ. P. 35. Walmart believes that Plaintiff was involved in workplace and automobile accidents, months before the incident at the Walmart store, which caused injuries to body parts she alleges Walmart negligently caused. The parties are working in good faith to resolve Walmart's concerns about

Plaintiff's document production.

5. Plaintiff deposed three percipient witnesses on November 14 and 15, 2017. Plaintiff may depose other witnesses, including Walmart's representative under Fed. R. Civ. P. 30(b)(6). Walmart plans to depose Plaintiff and her percipient witnesses once Walmart is satisfied that Plaintiff has completed her discovery obligations. Both sides plan to conduct expert depositions. Given the amount of medical providers and lien holders in this $1 million claim, Walmart expects many depositions.

6. On December 3, 2017, Walmart requested Plaintiff's counsel to stipulate to a mental examination under Fed. R. Civ. P. 35. Walmart selected Dr. Louis Etcoff, a forensic psychiatrist, to perform the evaluation, but his next appointment is in February 2018. Walmart believes that a report drafted by Plaintiff's psychiatrist, who Plaintiff identified as a non-retained expert, provides ample support for a mental examination. Plaintiff agreed to respond to Walmart's request for a mental examination by December 18, 2017.

7. On November 27, 2017, Plaintiff filed a motion to remand. Walmart's response is due by December 11, 2107.

**New Deadlines**: Therefore, the parties propose a 90-day extension with these discovery deadlines:

| | | |
|---|---|---|
| 1. | Discovery cut off: | May 14, 2018 |
| 2. | Filing Motions to Amend | deadline passed |
| 3. | Initial Expert Disclosure | March 15, 2018 |
| 4. | Rebuttal Expert Disclosure | April 16, 2018 |
| 5. | Dispositive Motions | June 13, 2018 |

6. Pretrial Order: A pretrial order shall be filed by July 12, 2018. But, if any dispositive motions are filed, the Joint Pretrial Order shall be due thirty days after decision of such motion(s). Disclosures under Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the Joint Pretrial Order.

**Electronic Discovery**: The parties have located no significant relevant information,

stored in an electronic format. The parties agree to produce any electronically stored information in paper and/or pdf format. If the parties learn that electronically stored information is available and would affect this case, the parties will meet and confer about the production of that information in an acceptable format.

Dated: December 12, 2017

**Ladah Law Firm, PLLC**

By: /s/ Ramzy Ladah
Ramzy P. Ladah, Esq. (SBN 11405)
517 S. Third Street
Las Vegas, CA 89101

Attorney for Plaintiff, Sylvia Leys

IT IS SO ORDERED:

Dated: December 12, 2017

**Law Offices of Charles Abbott**

By: /s/ Charles Abbott
Charles Abbott (SBN 13811)
2150 Park Place, Suite 100
El Segundo, CA 90245

Attorney for Defendants, Kevin Prentice and Wal-Mart Stores, Inc.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 13, 2017