**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SYLVIA LEYS,<br><br>              Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>              Defendants. | 2:17-cv-02196-APG-VCF<br>**ORDER**<br><br>MOTIONS TO COMPEL DEPOSITIONS [ECF NOS. 35 & 36] |

      Before the Court are Defendant Wal-Mart Stores' ("Walmart") Motions to Compel the Depositions of the Nevada Spine Clinic (ECF No. 35) and the Smoke Ranch Surgery Center (ECF No. 36). For the reasons stated below, Walmart's motions are granted.

      The Plaintiff in this case alleges that she was injured at Walmart. (ECF No. 15 at 2-3). Plaintiff has been treated at Nevada Spine Clinic and Smoke Ranch Surgery Center. (ECF No. 35 at 3, ECF No. 36 at 3). Walmart served deposition subpoenas on Nevada Spine Clinic and Smoke Ranch Surgery Center relating to Plaintiff's treatment, asking for a representative to testify and produce certain documents at a deposition. (ECF No. 35 at 3, ECF No. 36 at 3). The medical/legal coordinator for the entities stated that no corporate representative would be available. (ECF No. 35 at 3-4, ECF No. 36 at 3-4). Walmart called and emailed the coordinator, but received no response. (ECF No. 35-2 at 2, ECF No. 36-2 at 2).

      Walmart now moves to compel compliance with its deposition subpoenas. (ECF No. 35 at 4; ECF No. 36 at 4). Walmart argues that evidence regarding the reasonableness of costs charged by the Nevada Spine Clinic and Smoke Ranch Surgery Center is relevant. (ECF No. 35 at 5; ECF No. 36 at 5). Walmart

served copies of its motions to compel on Nevada Spine Clinic and Smoke Ranch Surgery Center (ECF No. 37), but the entities have not filed any response to the motions.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When an individual objects to discovery, a party may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). Under LCR 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."

The discovery Walmart seeks is relevant and proportional to the needs of the case. Information regarding the reasonableness of costs charged by Nevada Spine Clinic and Smoke Ranch Surgery Center for Plaintiff's treatment is relevant to Walmart's defense. In addition, Nevada Spine Clinic and Smoke Ranch Surgery Center have failed to oppose Walmart's motions to compel, thereby consenting to the Court's granting of the motions.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Walmart's Motions to Compel the Depositions of the Nevada Spine Clinic (ECF No. 35) and the Smoke Ranch Surgery Center (ECF No. 36) are GRANTED.

IT IS FURTHER ORDERED that Nevada Spine Clinic and Smoke Ranch Surgery Center have until May 3, 2018 to designate a person to appear for a deposition.

IT IS FURTHER ORDERED that Nevada Spine Clinic and Smoke Ranch Surgery Center have until May 3, 2018 to produce documents or otherwise respond to Walmart's document requests.

IT IS FURTHER ORDERED that Walmart must serve a copy of this order on Nevada Spine Clinic and Smoke Ranch Surgery Center by April 19, 2018.

DATED this 16th day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE